NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GARY LEE KELLY, JR., *Appellant*.

No. 1 CA-CR 19-0624
FILED 5-21-2020

Appeal from the Superior Court in Maricopa County
No.  CR 2019-005636-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Kelly was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Kelly, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**BACKGROUND**

¶2        One evening, Kelly and his wife got in an altercation in their home, which they shared with their children. The victim, their 12 year old daughter, felt scared and called 911 to get help for her mother. The victim reported to the 911 operator that in response, her dad choked her, grabbed her by her hair, which was up in a bun, and then bent her fingers back until they hurt.

¶3        When police arrived at the house, the victim recounted the same event to the detective. She reported to the detective that when he was choking her, she couldn't breathe and thought she was dying.

¶4        The State charged Kelly with aggravated assault, a domestic violence offense and class 6 felony. Prior to trial, the State reduced the charge to a class 1 misdemeanor. During a bench trial, the victim recanted her story, stating repeatedly that she lied to the police.

¶5        After hearing all of the evidence and taking the matter under advisement, the court found Kelly guilty of aggravated assault, a domestic violence offense and class 1 misdemeanor. The superior court suspended the imposition of sentence, placing Kelly on supervised probation for a term of 30 months. Kelly timely appealed.

## DISCUSSION

**¶6** After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Kelly was present and represented by counsel at all critical stages of the proceedings. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Kelly's constitutional and statutory rights. Therefore, we affirm Kelly's conviction and sentence.

**¶7** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Kelly of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Kelly has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA